UNITED STATES DISTRICT COURT
Case 1:08-cv-00475-HB   Document 4   Filed 03/20/2008   Page 1 of 3
SOUTHERN DISTRICT OF NEW YORK
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/08

-----------------------------------------------------------x

Eimont Bronzini,
                      Plaintiff(s),

    -against-                                             08 Civ. 475 (HB)

Classic Security L.L.C.,                **PROPOSED PRETRIAL SCHEDULING ORDER**

                      Defendant(s).

-----------------------------------------------------------x

**APPEARANCES:**

Plaintiff(s) by:    Eimont Bronzini    (718) 490-3741

Defendant(s) by:    Andrew W. Singer    (212) 508-6723

**HAROLD BAER, Jr., District Judge:**

       Do the parties consent to proceed before a United States Magistrate for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73?

                              Yes __   No ✗

       Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, after holding an initial pretrial conference on notice to all parties, it is hereby ordered that:

       Except under circumstances agreed to by the Court:

       1. **This case is added to the** Jan. 2009 **Trailing Trial Calendar.**
Jury ✓. Non-Jury __. Estimated number of trial days is 4 __. Counsel should not make any other commitments during this month. As a general rule, and for your information when filling this out prior to the PTC keep in mind that most all cases will be tried within a reasonable time from the date of this pretrial conference based on the complexity of the case, rarely more than 12-14 months so don't agree on 2 years, etc., etc.. Within that (12 – 14 months or less) window I will abide by your choice of months to try your case. Keep in mind the quid pro quo is that the month you choose, due to my trailing trial calendar format, will rarely if ever be changed.

       2. No additional parties may be joined after   N/A  , ____.

       New parties shall be bound by the deadlines included in this Pretrial Scheduling Order. If new parties are joined, the party joining them shall forward to them a copy of this Pretrial Scheduling Order and offer to provide them with access to all previously taken discovery. Should this pose a seemingly insurmountable problem, call Chambers.

       3. No additional causes of action or defenses may be asserted after   N/A  , ____.

4. **Discovery**: All discovery, except for expert discovery, shall be commenced in time to be completed by Sept. 20, 08. Disclosure of expert testimony, if any, will be made at least 45 days before the agreed to trial month. Evidence intended to contradict or rebut the subject matter of the expert testimony will be submitted within 21 calendar days after the disclosure made by the other party, subject only to further order of this Court. As the Court rarely grants extensions, any delays or disputes in the taking of discovery should be reported to the Court immediately.

If applicable, decisions with respect to disclosure and discovery of electronically stored information, along with privilege issues related to that information, shall be provided to the Court within **10 days** following the signing of this Order by the Court.

5. **Motions**: No party may make a dispositive motion returnable after Oct. 31, 08. Either party may request (and will be given a date by Chambers) for oral argument. The above date is the date by which any motion shall be **fully briefed** (i.e., moving, opposition and reply papers) and a courtesy copy delivered directly to Chambers.

In choosing the last date to submit fully briefed motions and your agreed to trial month, keep in mind that the Court requires at least **60 days** to decide dispositive motions.

6. **Joint Pretrial Order**: A joint pretrial order shall, unless waived by the Court, be submitted by Dec 15, 08. This date may change once the Court sets a date certain for trial. Generally, the Joint Pretrial Order and all pretrial materials must be submitted to the Court at least 6 business days before the commencement of trial. The pretrial order and all accompanying pretrial materials shall be in accordance with the Court's Individual Practice and Rules.

7. The law clerk assigned to this case is Nathalie Rey, to whom all correspondence should be directed.

8. Upon request to Chambers by either side, the Court will schedule and conduct a settlement conference and/or mediation. The Court will also, upon request, facilitate mediation under the Court Mediation Program or a settlement conference before your Magistrate Judge. In the case of a mediation to be conducted by the Court, all parties must bring their respective clients to the mediation. Keep in mind, closure, for the most part, is accomplished in direct proportion to how early in the litigation the mediation occurs. Any ADR procedure must occur within the framework of this order.

9. Whenever a case is resolved, the parties must submit an Order of Discontinuance, signed by all parties before the case will be removed from the trial calendar. When the parties settle within forty-eight hours of trial or the filing of a dispositive motion, they <u>must</u> notify the Court immediately of such settlement, and fax to the Court no less than thirty-six hours prior to their planned appearance, an Order of Discontinuance (copy attached), signed by all parties.

10. The parties' signatures below represent their understanding and agreement that this schedule is final and binding upon them unless the Court concludes that extraordinary circumstances warrant an extension with respect to one or more than one of the scheduled dates.

_E. Bronzini_
For Plaintiff

_[signature]_
For Defendant

_____
For Defendant

_____
For Plaintiff

**SO ORDERED.**

DATED: _3/20/08_,
New York, New York

_[signature]_
HAROLD BAER, JR.
United States District Judge

Rev. 1/08